UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEN LORGAN,


                                            Plaintiff,

    v.                                                                Index No.

ROCHESTER COMPUTER RECYCLING
& RECOVERY, LLC D/B/A EWASTE+


                                            Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. PRELIMINARY STATEMENT

1. This arises under Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq. ("ADA"), for discrimination based on disability and retaliation.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343

3. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 139J(b) in that the Plaintiff lives in the Western District of New York, the Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

### III. PARTIES

4. That the Plaintiff resides in Rochester, New York.

5. The Defendant Rochester Computer Recycling & Recovery, LLC D/B/A Ewaste+ (hereinafter "Ewaste") is company organized and existing under the laws of the State of New York.

6. That from June 24, 2019 through March 3, 2020, Plaintiff was an employee of Defendant Ewaste

7. Ewaste is an "employer" under Title I of the ADA as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

8. At all relevant times herein, Defendant Ewaste exercised control over the Plaintiff.

9. At all relevant times herein, Plaintiff took direction from Defendant Ewaste.

10. At all relevant times herein Defendant Ewaste and its' agents, made the decisions which led to the violations of the Plaintiff's rights under Title I of the ADA

## IV. PREREQUISITES TO CLAIMS UNDER TITLE I OF THE ADA

11. That in or about August 28, 2022, Plaintiff mailed a completed and signed intake questionnaire form to the Equal Employment Opportunity Commission ("EEOC") together with a narrative summary he had prepared of the discrimination and harassment he suffered while in the employ of the Defendant as is more fully detailed in this complaint to the EEOC in Buffalo, New York.

12. On or about September 29, 2022, the EEOC uploaded to their website Plaintiff's "Right to Sue" letter advising him of the completion of the prerequisites to suit. A copy of the "Right to Sue" letter is annexed hereto as Exhibit A.

## V. FACTS

13. Plaintiff was employed with the Defendant Ewaste in the shipping and receiving unit as a forklift operator.

14. Plaintiff was in a motor vehicle accident on January 29, 2020 which resulted in him sustaining injuries to his back.

15. Plaintiff provided Defendant with physician's note dated January 29, 2020 indicating that he was unable to return to work until February 3, 2020 as a result of the accident on January 29, 2020.

16. Thereafter, Plaintiff provided Defendant with second physician's note dated January 31, 2020 indicating that he would be unable to return to work until March 2, 2020 as he will be starting physical therapy and working with a chiropractor to regain his health.

17. On or about February 28, 2020, Plaintiff provided the Defendant with a third physician's note excusing him from work through May 1, 2020.

18. On March 3, 2020, Defendant terminated the Plaintiff over the telephone stating to him that he was being terminated since he was unable to come back to work and that 60 days was too long of an absence.

19. That prior to Plaintiff's accident on January 29, 2020, Plaintiff was aware of a different position in the data destruction unit that Plaintiff could have been placed at upon his medical clearance to return to work.

20. That on or about February 3, 2020, Plaintiff inquired about being placed in this positon upon his return but Defendant ignored his request.

21. By reason of the foregoing, Defendant has violated Plaintiff's rights pursuant to Title I of the ADA in that the Plaintiff was discriminated against due to his disability.

22. That Plaintiff was subjected to discriminatory conduct by the Defendant that created an offensive work environment on the basis of his disability.

23. Defendant's employees were in positions to adversely affect the terms, conditions and privileges of Plaintiff's employment.

24. That Defendant failed to provide any reasonable accommodations to the Plaintiff that would allow him to perform his job.

25. In the alternative, Defendant failed to provide Plaintiff with the opportunity to perform a different job or task of which said position was presently available at the time of Plaintiff's injury that compensated Plaintiff at the same rate of pay as the forklift positon.

26. As a result of Defendant's actions, Plaintiff experienced loss of income, other monetary loss, fear, anxiety, shame, embarrassment, emotional pain and suffering, and loss of enjoyment of life.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the Defendant for

    (a)  Actual damages;

    (b)  Compensatory damages, including but not limited to

    (c)  Punitive damages;

    (d)  Costs, disbursements and reasonable attorney's fees;

    (e)  For such other and further relief as may be just and proper.

## VI. DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a

trial by jury of all issues in this action.

Dated: October 20, 2022

/s/Seth J. Andrews _____

Seth J. Andrews, Esq.

Law Offices of Kenneth Hiller, PLLC

*Attorneys for the Plaintiff*

6000 North Bailey Ave., Suite 1A

Amherst, NY 14226

(716) 564-3288

sandrews@kennethhiller.com